UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------

SARAH NEUMAN
on behalf of herself and
all other similarly situated consumers

                          Plaintiff,

      -against-

GC SERVICES LIMITED PARTNERSHIP

                          Defendant.

----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Sarah Neuman seeks redress for the illegal practices of GC Services Limited Partnership concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Houston, Texas.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Sarah Neuman*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about September 3, 2017 and October 3, 2017, Defendant sent the Plaintiff collection letters seeking to collect a balance allegedly incurred for personal purposes.

11. The said September 3, 2017 letter represented a settlement offer of $3,772.02 and then proceeded to state: "Please note the payment must be for the exact amount stated in this letter and must be received no later than fourteen (14) days from the date of this letter or this particular offer will be null and void."

12. The said October 3, 2017 letter represented a settlement offer of $2,640.41 and then provided the same disclosure as stated above.

13. Defendant stated the above language in order to create a sense of urgency in Plaintiff and make her think that she was under a deadline to pay the debt.

14. Defendant's letters are misleading and deceptive in that its statements imply a time deadline.

15. Upon information and belief, there was no time deadline; rather, Defendant made these statements solely to create a false sense of urgency by the Plaintiff.

16. The fact that the subsequent October 3, 2017 letter contained a superior settlement offer

compared to the previous letter, in itself proves that the time deadlines to pay on the settlement offers were illusory and arbitrary.

17. The Defendant made it known from its October 3, 2017 letter that it could in fact provide the Plaintiff with a better settlement offer to its preceding one, even after the time-deadline for the settlement payment had passed on the September 3, 2017 letter.

18. At all times herein, Defendant's written communications to Plaintiff were false, deceptive, and misleading.

19. Defendant violated 15 U.S.C. § 1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt.

20. Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt.

21. Defendant violated 15 U.S.C. § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect a debt.

22. Section 1692d provides that a debt collector "may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." See 15 U.S.C. §1692d. The proper legal standard under § 1692d takes into consideration the fact that "[w]hether a consumer is more or less likely to be harassed, oppressed, or abused by certain debt collection practices does not relate solely to the consumer's relative sophistication." Courts instead use a standard analogous to the least sophisticated consumer standard, which requires "claims under § 1692d should be viewed from the perspective of a consumer whose circumstances makes him relatively more susceptible to harassment, oppression, or abuse."

23. Sections 1692e and 1692e(10) prohibit the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. This general prohibition is intended to cover the deceptive collection acts and practices that do not fit the specific prohibitions given in the subsections of this section, as it would be impossible for Congress to foresee and list every type of deceptive collection misbehavior.

24. In the context of settlement letters, many courts have held that settlement letters can be a positive for both debt collectors and consumers. Nevertheless, in keeping with the statutory requirements, collection agencies may not be deceitful in the presentation of the settlement offer.[1]  In *Goswami*, the Fifth Circuit was presented with a letter from the defendant that stated that it could offer the plaintiff a 30% discount as long as it responded within the next 30 days, even though the defendant had authority to offer the discount for longer than the 30 days. Id. In reversing the district court's grant of summary judgment in favor of the defendant, the Fifth Circuit held that:

> While we agree it is important to permit collection agencies to offer settlement, that policy consideration does not remove collection agencies' obligation under the FDCPA to deal in a non- deceitful manner. A collection agency may offer a settlement; however, it may not be deceitful in the presentation of that settlement offer, as [defendant] was in this case…[The defendant's] deception is actionable under the FDCPA and is not excused because it is part of a debt collector's settlement offer.

Id. at 495-95. Referring to the actual letter at issue in *Goswami*, the court determined that for the following reasons, the defendant's letter was a violation of the FDCPA:

---

[1] Campuzano-Burgos v. Midland Credit Management, Inc., 550 F.3d 294, 299 (3d Cir. 2008) citing Goswami v. Am. Collections Enter., 377 F.3d 488, 496 (5th Cir.2004)).

> The statement in the collection letter is untrue and makes it appear that [the original creditor's] offer of a 30% discount was a one-time, take-it-or-leave-it offer that would expire in thirty days. The obvious purpose of the statement was to push [the plaintiff] to make a rapid payment to take advantage of the purported limited time offer.

25. Defendant's use of an illusory and arbitrary deadline was meant to deceive the Plaintiff to make a prompt payment.

26. Defendant claimed that its settlement offer in the said letters was strictly contingent upon payment being received in the amount stated above by the due date stated, but upon information and belief, Defendant's time deadline is artificial. The Defendant intended to give the false impression that if the consumer does not pay the settlement offer by the deadline, then the consumer will have no further chance to settle their debt for less than the full amount.

27. Upon information and belief, the original creditor did not put any limitations on the time within which Plaintiff could accept an offer.[2]

28. The inclusion of a deadline in a settlement offer itself does not violate the FDCPA. However, in order to act consistently with 1692e, the debt collector "may not be deceitful in the presentation of the settlement offer." Kryluk v. Northland Grp., Inc., No. 14-3198, 2014 U.S. Dist. LEXIS 164876, at *15-16 (E.D. Pa. Nov. 24, 2014) ("In DeGeorge, the language in the letter at issue explicitly stated that the offer would "expire 35 days after January 20, 2011"—language which Judge Gardner deemed to be contradictory to the safe harbor language.")[3]

---

[2] See DeGeorge v. Fin. Recovery Servs., 2012 U.S. Dist. LEXIS 140966, 19-20 (E.D. Pa. Sept. 27, 2012). (Stating "while the safe harbor language may ensure that the consumer will not perceive these letters as one-time offers, plaintiff alleges that the 35-day deadlines in the letters did not exist at all. Therefore, whether the least sophisticated consumer would perceive the [collection] letters as "one-time, take-it-or-leave-it" offers or as potentially renewable offers, each letter still contained false and misleading information because, as alleged by plaintiff, no deadline existed at all.)

[3] Campuzano, 550 F.3d at 299 (quoting Goswami v. Am. Collections Enter., 377 F.3d 488, 496 (5th Cir. 2004).

29. Where a debt collection letter contains an offer to settle by a specified date and makes it appear therein that such offer is a "one-time, take-it-or-leave-it offer", when in fact the debt holder is prepared to make other offers after the expiration date, the letter contains a false statement in violation of the FDCPA.[4] A letter that leaves a consumer with such a false impression violates 1692e because an unsophisticated consumer may think that if they don't pay by the deadline, they will have no further chance to settle their debt for less than the full amount.[5]

30. Section 1692f of the FDCPA provides that a debt collector may not use "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f. Section 1692f then goes on to enumerate eight particular practices which are unfair or unconscionable. However, § 1692f is not limited by this list of eight practices, and prohibits all unfair or unconscionable conduct on the part of a debt collector.[6]

31. A claim under FDCPA provision prohibiting debt collector from "using unfair or unconscionable means to collect or attempt to collect any debt" should be viewed through lens of the "least-sophisticated consumer."

32. The clear intention of the said letters are to pressure the Plaintiff to come up with money before the illusory misleading deadline runs out.

33. Defendant, as a matter of pattern and practice, mails letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that

---

[4] Dupuy v. Weltman, Weinberg & Reis Co., 442 F.Supp.2d 822, 828 (N.D.Cal. 2006); [19] see also Goswami, 377 F.3d at 496.

[5] See DeGeorge v. Fin. Recovery Servs., 2012 U.S. Dist. LEXIS 140966, 19 (E.D. Pa. Sept. 27, 2012). (The court stated "In *Evory* … [T]he Seventh Circuit held that if a collection letter contained the language, "We are not obligated to renew this offer", an unsophisticated consumer would not be misled because "even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured… The safe harbor language in *Evory* did not authorize debt collectors to present deadlines in collection letters that were in fact non-existent. Therefore, I conclude that plaintiff's allegations that the collection letters included false deadlines — even if those deadlines were presented as renewable offers — is sufficient to state a claim under 1692e" The court noted "Moreover, I conclude that misrepresentations concerning deadlines in a collection letter constitute material misrepresentations. Therefore, plaintiff has stated a claim under 1692e even if non-material, false representations do not violate the FDCPA.")

[6] Reed v. Pinnacle Credit Services, LLC, 2009 WL 2461852 (E.D. Pa. Aug. 11, 2009). ("The list of § 1692f violations found in the subsections are non-exhaustive.") (Internal citations and quotations omitted)

utilized by Defendant in mailing the above-cited letters to the Plaintiff.

34. The letters the Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases.

35. The said letters are standardized form letters.

36. Defendant's letters are in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(10), and 1692f for engaging in deceptive, misleading, and unfair practices.

37. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of Defendant.

38. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

39. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

40. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

41. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

42. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

43. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of

her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

44. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

45. As an actual and proximate result of the acts and omissions of GC Services Limited Partnership, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which she should be compensated in an amount to be established by a jury at trial.

### AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

46. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through forty five (45) as if set forth fully in this cause of action.

47. This cause of action is brought on behalf of Plaintiff and the members of a class.

48. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letters as the letters sent to the Plaintiff on or about September 3, 2017 and October 3, 2017; and (a) the collection letters were sent to a consumer seeking payment of a personal debt purportedly owed to Chase Bank; and (b) the collection letters were not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letters contained violations of 15 U.S.C. §§ 1692d, 1692e 1692e(10), and 1692f for engaging in deceptive, misleading, and unfair practices.

49. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A. Based on the fact that form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

50. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

51. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

52. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

53. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

54. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendant and award damages as follows:

    (a) Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    (b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
August 28, 2018

     /s/ Adam J. Fishbein
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

     /s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)

**GC Services Limited Partnership**

CDGCSV70  051
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED

**Please call: 866-862-2793**
*Calls may be monitored or recorded*

September 3, 2017

CORRESPONDENCE AND PAYMENT MAILING ADDRESS:

515884389

Sarah Neuman

PO BOX 1545
HOUSTON TX 77251

| YOU OWE: **CHASE BANK USA, N.A** | GC NUMBER: | 2323 |
|---|---|---|

***PLEASE DETACH AND RETURN UPPER PORTION OF STATEMENT WITH PAYMENT***

September 3, 2017

File Number: 73
Client Account Number: ENDING 5298
Balance Due: $12,573.39

Dear SARAH NEUMAN,

We'd like to let you know that our client, CHASE BANK USA, N.A, has authorized us to make you a settlement offer on your account. If you pay 30% of the total amount due, our client will consider your account settled.

This is an excellent opportunity to take care of your account. If you wish to take advantage of this offer, either call our office at 866-862-2793 or mail us your payment of $3,772.02. Please make your payment payable to "CHASE BANK USA, N.A" Please note the payment must be for the exact amount stated in this letter and must be received no later than fourteen (14) days from the date of this letter or this particular offer will be null and void. Please understand our client is not obligated to renew this offer.

If we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application.

If you have any questions or wish to propose an alternative payment solution, please do not hesitate to contact us.

Sincerely,

Matthew Vigil
Account Representative

If you would prefer, you can make a payment on your account using a debit card by going to our website at www.gcpayonline.com or calling us at 844-694-2073. Use the following number to identify yourself when prompted: 2323

**This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.**

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION**

GC Services Limited Partnership – 6330 Gulfton, Houston, TX 77081
0172-31    CBU-BSL

CDGCSV70 051
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED

**GC Services Limited Partnership**

**Please call: 866-862-2793**
*Calls may be monitored or recorded*

October 3, 2017

CORRESPONDENCE AND PAYMENT MAILING ADDRESS:

538400653

Sarah Neuman

**PO BOX 1545
HOUSTON TX 77251**

| YOU OWE: **CHASE BANK USA, N.A** | GC NUMBER: 2323 |

***PLEASE DETACH AND RETURN UPPER PORTION OF STATEMENT WITH PAYMENT***

October 3, 2017

File Number: 73
Client Account Number: ENDING 5298
Balance Due: $12,573.39

Dear SARAH NEUMAN,

We'd like to let you know that our client, CHASE BANK USA, N.A, has authorized us to make you a settlement offer on your account. If you pay 21% of the total amount due, our client will consider your account settled.

This is an excellent opportunity to take care of your account. If you wish to take advantage of this offer, either call our office at 866-862-2793 or mail us your payment of $2,640.41. Please make your payment payable to "CHASE BANK USA, N.A" Please note the payment must be for the exact amount stated in this letter and must be received no later than fourteen (14) days from the date of this letter or this particular offer will be null and void. Please understand our client is not obligated to renew this offer.

If we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application.

If you have any questions or wish to propose an alternative payment solution, please do not hesitate to contact us.

Sincerely,

Matthew Vigil
Account Representative


If you would prefer, you can make a payment on your account using a debit card by going to our website at www.gcpayonline.com or calling us at 844-694-2073. Use the following number to identify yourself when prompted: 2323


**This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.**

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION**

GC Services Limited Partnership – 6330 Gulfton, Houston, TX 77081
0172-31    CBU-BSL2